UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MATTHEW WALKER, *Individually and on Behalf of All Others Similarly Situated*,<br><br>Plaintiff,<br><br>v.<br><br>ACCENTURE PLC and ACCENTURE LLP<br><br>Defendants. | Civil No. 3:19-cv-00888-JBA<br><br>June 21, 2019 |

### PLAINTIFF'S MOTION TO CONSOLIDATE

### Cross-filed in *Bayat v. Accenture Corporation LLC*, No. 3:18-01602-VAB

Pursuant to Fed. R. Civ. P. 42(a) and Local Rule 7, Plaintiff Mathew Walker, joined by Plaintiff Atila Bayat, moves to consolidate the instant case with *Bayat v. Accenture*, No. 3:18-cv-1602-VAB, which is also pending in this Court, before the Honorable Victor A. Bolden. Plaintiff Bayat is joining this request by concurrently filing a motion for consolidation in the *Bayat* action. If consolidation is granted, counsel for Mr. Walker will assume representation of Mr. Bayat, and the Plaintiffs will move to file a consolidated amended complaint. In the consolidated amended complaint, Mr. Bayat will assert pattern-or-practice claims on behalf of a class and will serve as a class representative going forward.

Consolidation is warranted because the cases present the same facts and legal issues. Mr. Walker and Mr. Bayat were both were victims of Accenture's pattern-or-practice of discrimination, which favors South Asian individuals when staffing positions within certain divisions at the company.

**ORAL ARGUMENT REQUESTED**

2

And consolidation is the most efficient course for both cases and would better serve the ends of justice. Because the Walker action will proceed whether or not Mr. Bayat can join, consolidation would prevent substantial duplicative work in discovery, motions practice, and trial. This would save time and money for the parties and the Court. And Accenture would not incur any prejudice from consolidation, as it will need to litigate allegations of systematic discrimination in the Walker class action regardless. However, absent consolidation, Mr. Bayat would be left to adjudicate his claims alone while the class action proceeded without him.

Accordingly, for the foregoing reasons and as set forth more fully in the accompanying memorandum of law, *Walker v. Accenture LLP*, No. 3:19-00888-JAB and *Bayat v. Accenture Corp. LLC*, No. 3:18-01602-VAB, should be consolidated for all purposes.

3

DATED: June 21, 2019  Respectfully submitted,

PLAINTIFF MATTHEW WALKER

By: /s/Michael von Klemperer
Michael von Klemperer (*phv*10140)
Daniel Kotchen (*phv* forthcoming)
**Kotchen & Low LLP**
1745 Kalorama Road NW, Suite 101
Washington, DC 20009
Telephone: (202) 471-1995
Email: dkotchen@kotchen.com;
mvk@kotchen.com

Michael J. Reilly (ct28651)
**Cicchiello & Cicchiello LLP**
364 Franklin Avenue
Hartford, CT 06114
Telephone: (860) 296-3457
Facsimile: (860) 296-0676
Email: mreilly@cicchielloesq.com

*Attorneys for Plaintiff and Putative Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on the above date a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

In addition, a copy of the foregoing document was served on the following individuals by email:

Atila Bayat
atila.bayat@gmail.com

*Plaintiff Pro Se*

Brian A. Smith
Winston and Strawn LLP
BASmith@winston.com

Daniel J. Fazio
Winston & Strawn LLP
DFazio@winston.com

Johanna S. Katz
Pullman & Comley
Jkatz@pullcom.com

Joshua A. Hawks-Ladds
Pullman & Comley
Jhawks-ladds@pullcom.com

*Counsel for Accenture*

By: /s/Michael von Klemperer